UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN SAVAGE, ) | |
| ) | 10 CV 446 |
| Plaintiff, ) | |
| ) | |
| v. ) | Magistrate Judge Young B. Kim |
| ) | |
| RITCHIE BROS. AUCTIONEERS ) | |
| (AMERICA), INC., ) | |
| ) | April 30, 2012 |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

In this diversity suit brought pursuant to Illinois law, Brian Savage claims that Ritchie Bros. Auctioneers, Inc. ("Ritchie") is liable under a negligence theory for injuries Savage sustained when he tripped and fell over a piece of wooden cribbing while browsing in Ritchie's auction lot. After the parties consented to this court's jurisdiction, (R. 20), Ritchie filed the current motion for summary judgment, arguing that it had no duty to foresee or prevent Savage's injuries because the cribbing was an open and obvious hazard. For the following reasons, Ritchie's motion is denied.

**Facts**

The following facts are undisputed and are viewed in the light most favorable to Savage as the non-moving party. *See Hannemann v. Southern Door County Sch. Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). On March 13, 2009, Ritchie held an auction of commercial equipment at its auction site in Morris, Illinois ("Morris site"). (R. 48, Def.'s Facts ¶ 7.) Before the auction began, potential customers were given maps of the auction site and

allowed to view and operate the equipment, which was spaced about four to five feet apart in aisles throughout the site. (Id. ¶¶ 14-16.) Ritchie used what is called cribbing—a 4x4 or 2x4 board—to prevent some of its equipment from rolling. (R. 51, Pl.'s Facts ¶ 6.) The yard manager for the Morris site, Bobby Tennison, testified that his job was to oversee the yard operations and to make sure the yard was clean of debris. (Id. ¶¶ 4, 11.) Tennison expected his employees to move any misplaced cribbing back to a flagged-off area where customers were not allowed. (Id. ¶¶ 15-16.)

Savage attended Ritchie's March 13, 2009 auction at the Morris site with Kenneth Strezo. (R. 48, Def.'s Facts ¶ 11.) About 20 minutes after they arrived, as Savage was walking east in an aisle between pieces of equipment, he tripped and fell over a piece of wood cribbing protruding 18 inches from the rear tire of a boom lift. (Id. ¶¶ 18, 20, Ex. E, Srezo Dep. at 14 ln. 3 - 15 ln. 19.) Strezo, who was walking about two steps ahead of Savage at the time of the fall, noticed the wood cribbing when he was about eight to ten feet away and avoided it when he walked by. (Id. ¶¶ 19, 21-22, 27.) Savage is amnesic of the event and has no recollection of anything that happened on the auction site on March 13, 2009. (Id. ¶ 9.) His only knowledge of what occurred is based upon what Strezo told him. (Id. ¶ 10.)

Although the facts set forth above are undisputed, the parties take slightly differing views of Strezo's deposition testimony describing where Savage was directing his attention at the moment of his fall. Strezo testified to the following:

> [Savage] had his hands in his pockets and he tripped over the wood. And he was—it looked like he was trying to look through—if I could—the way the

2

> boom on the machine was it was like this and he was kind of looking down around to see if he could see anything to the north. And when I turned around to let him know there was nothing over there he tripped over the wood and fell face first. He couldn't get his hands out of his pocket fast enough and when he came down he whacked the front side of his head probably just above his temple, ear. He turned his head when he went down and he rolled straight forward and fell.

(R. 48, Def.'s Facts Ex. E, Strezo Dep. at 17 ln. 15 - 18 ln. 5.) Under examination by Ritchie's attorney, Strezo further described the scene of Savage's fall as follows:

> [T]he boom is probably off the machine is probably somewhere in the neighborhood of like six feet up in the air and then the basket is on the end of it. So once you pass the main part of the machine you can actually see underneath the boom and at that angle would have been able to look all the way to the north. So he looked like he was probably looking under, you know, and obviously not paying attention, you know, he just kind of glanced down.

(Id. at 48 lns. 3-12.) He clarified that Savage was "lurking downward" to look under the boom when he fell. (Id. at 48 lns. 17-22.) According to Ritchie, Strezo's testimony demonstrates that Savage fell because he was not paying attention. (R. 48, Def.'s Facts ¶¶ 24-25.) According to Savage, Strezo's testimony demonstrates that he was looking north under the boom portion of the lift and paying attention to the equipment to his left and north of the boom lift when he fell. (R. 51, Pl.'s Facts ¶¶ 24-25.)

**Analysis**

Summary judgment is appropriate when the record establishes that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding whether genuine issues of material fact exist, the court must "review the record in the light most

3

favorable to the nonmoving party and . . . draw all reasonable inferences in that party's favor." *Vanasco v. National-Louis Univ.*, 137 F.3d 962, 965 (7th Cir. 1998). A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) (emphasis omitted), or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

"In order to prevail in an action for negligence, the plaintiff must prove that the defendant owed a duty, that defendant breached that duty, and the defendant's breach was the proximate cause of the injury to the plaintiff." *American Nat. Bank & Trust Co. of Chicago v. National Adver. Co.*, 149 Ill. 2d 14, 25 (1992). The current motion boils down to the parties' differing takes on whether Ritchie owed Savage a duty in the specific context of the facts surrounding his fall.[1] Richie argues that it did not owe Savage any duty because the cribbing that caused his fall was an "open and obvious" hazard. Savage counters that the

---

[1] Embedded in Ritche's reply to Savage's statement of material facts is Ritchie's request that this court strike a portion of Savage's facts statement on this point as a mischaracterization of Strezo's testimony. As laid out in this court's case management procedures, motions to strike portions of an opposing party's Local Rule 56.1 statement will not be considered. Such requests are unnecessary and most often pointless. *See Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727-28 (7th Cir. 2006). This court has considered the accuracy of Savage's characterization of the facts in paragraph 25 in determining whether those facts are material and disputed. The request to strike is denied.

4

distraction exception to the open-and-obvious doctrine applies here and preserves Ritchie's duty to have foreseen and taken steps to prevent his fall.

Whether a duty exists is a question of law for the court to decide, and is determined by four factors: (1) the reasonable foreseeability of injury; (2) the likelihood of injury; (3) the defendant's burden in guarding against the injury; and (4) the consequences of placing the burden on the defendant. *Sollami v. Eaton*, 201 Ill. 2d 1, 17 (2002). With respect to the foreseeability and likelihood of injury prongs, the court takes into account what is objectively reasonable for the defendant to expect rather than what might conceivably occur. *American Nat. Bank*, 149 Ill. 2d at 29. "Illinois law holds that persons who own, occupy, or control and maintain land" generally do not have a duty "to foresee and protect against injuries from potentially dangerous conditions that are open and obvious." *Bucheleres v. Chicago Park Dist.*, 171 Ill. 2d 435, 447-48 (1996). A danger is open and obvious only when both the condition and the risk of injury are evident to and "would be appreciated by a reasonable person in the plaintiff's position exercising ordinary perception, intelligence, and judgment." *Simmons v. American Drug Stores, Inc.*, 329 Ill. App. 3d 38, 43 (1st Dist. 2002). The doctrine accommodates the idea that when a condition is open and obvious, the likelihood of injury is small because a person should appreciate and avoid the risk. *Bucheleres*, 171 Ill. 2d at 448. It also acknowledges that because people generally appreciate the risks associated with open and obvious conditions, a landowner is unlikely to predict that the risk could cause an injury. *Alqadhi v. Standard Parking, Inc.*, 405 Ill. App. 3d 14, 17 (1st Dist. 2010).

5

Where, as here, there is no dispute about the physical nature of the condition, the open and obvious nature of the condition is a question of law for the court to decide. *See Alqadhi*, 405 Ill. App. 3d at 17. The parties agree that the relevant condition was a piece of wood cribbing protruding 12 to 18 inches from the back of the rear tire to a boom lift that could be perceived from 8 to 10 feet away. (R. 48, Def.'s Facts ¶¶ 20, 22.) Because there is no dispute regarding the physical condition of the hazard, this court concludes that the wood cribbing qualifies as an open and obvious condition.

But that conclusion does not resolve the matter because the court must decide whether, as Savage argues, the facts support the conclusion that the distraction exception—one of two exceptions to the open and obvious doctrine—applies here. *See LaFever v. Kemlite Co.*, 185 Ill. 2d 380, 391 (1998). Under the distraction exception, a possessor of land can be held liable for injuries caused by an open and obvious hazard if the possessor should have anticipated the harm despite the condition's obviousness. *Ward v. Kmart Corp.*, 136 Ill. 2d 132, 149-50 (1990). A possessor of land may anticipate harm when there is "'reason to expect that the invitee's attention will be distracted, as by goods on display, or that after a lapse of time he may forget the existence of the condition, even though he has discovered it or been warned.'" *Bucheleres*, 171 Ill. 2d at 452 (quoting W. Keeton, Prosser & Keeton on Torts § 61, at 427 (5th ed. 1984)).

In general, whether the distraction exception applies turns on whether the defendant or plaintiff created the distraction. *See Whittleman v. Olin Corp.,* 358 Ill. App. 3d 813, 817-

18 (5th Dist. 2005). If the distraction is solely within the plaintiff's creation, the distraction will not be foreseeable to the defendant. *Id.*; *see also Wilfong v. L.J. Dodd Constr.*, 401 Ill. App. 3d 1044, 1055 (2d Dist. 2010) (declining to apply distraction exception where plaintiff created distraction by answering her cell phone while walking across construction site). Illinois courts typically apply the distraction exception when "the landowner created, contributed to, or was responsible in some way for the distraction which diverted the plaintiff's attention from the open and obvious condition." *Sandoval v. City of Chicago,* 357 Ill. App. 3d 1023, 1030 (1st Dist. 2005). In the context of a store and its invitees, a defendant store has a duty "to protect its customers who are likely to be distracted in the aisles against even open and obvious hazards." *Herrera v. Target Corp.*, 07 CV 2193, 2009 WL 3188054, at *6 (N.D. Ill. Sept. 30, 2009). The same is true where the customer is likely to forget the condition after momentarily encountering it. *Id.* For example, in *Ward*, 136 Ill. 2d at 136, the Illinois Supreme Court applied the distraction exception where the plaintiff, a customer shopping in a Kmart store, walked into a pole upon exiting the store while carrying a mirror he had just purchased blocked his view. The court found that it was reasonably foreseeable to K Mart that its customers would be carrying bulky merchandise while leaving the store at that exit, and thus might be at risk of colliding with the post. *Id.* at 153-54. Because the distracting condition was one of the defendant's own making, the court held that the distraction exception saved the customer's negligence claim. *Id.* at 154-55.

As a contrasting example, in *Sandoval*, the Illinois Appellate Court declined to apply the distraction exception in a situation where the defendant could not be faulted for the plaintiff's distraction. 357 Ill. App. 3d at 1031. There, the plaintiff tripped and fell over a sidewalk defect because she was distracted by her search for a child in her care who had temporarily gone missing. *Id.* at 1029. The court held that because the defendant City of Chicago was not responsible in any way for the distraction that diverted the woman's attention, the city could not reasonably foresee that the injury might occur. *Id.* at 1031. Because the sidewalk defect otherwise was open and obvious, the court held that the defendant had no duty to predict or prevent the injury. *Id.*

Whether the distraction exception applies in this case turns on Strezo's testimony regarding what Savage was doing and where he was looking at the time of his fall. Ritchie argues that Savage did not fall because he was distracted, but rather because he was not paying attention. Although it is true that Strezo testified that Savage was "not paying attention," that statement takes on more nuance in the broader context of his testimony as a whole. Strezo's full testimony is that at the moment of his fall, Savage was "looking down around [the boom lift] to see if he could see anything to the north." (R. 48, Def.'s Facts, Ex. E, Strezo Dep. at 17 lns. 20-22.) When he testified that Savage was not paying attention, it was in the context of Strezo's description of Savage "lurking down" to see under a boom lift that was obstructing his view toward the equipment he was trying to see. (Id. at 48 lns. 17-22.) Reviewing the record in the light most favorable to Savage, the picture Strezo's

8

testimony paints of the moment of Savage's fall is that he was not paying attention to the cribbing because his focus had been drawn away by the display of the boom lift. Under that interpretation, this case is similar to other cases in which the distraction exception has been applied in the context of a customer who is distracted in its aisles or by a store display. *See, e.g., Herrera*, 2009 WL 3188054, at *6; *Buchanan v. Whole Foods Market Group, Inc.*, 07 CV 4189, 2009 WL 1514655, at *8 (N.D. Ill. May 27, 2009). As in those cases, the undisputed facts here demonstrate that Ritchie, as the entity responsible for the layout of its equipment display, "created, contributed to, or was responsible in some way" for the distraction which diverted Savage's attention from the open and obvious wood cribbing. *See Sandoval,* 357 Ill. App. 3d at 1030. Because Richie could have foreseen that Savage would overlook the cribbing while scanning the auction site and become injured by tripping over the cribbing, this court concludes that the distraction exception applies. *See Ward*, 136 Ill. 2d at 153-54; *see also Rexroad v. City of Springfield*, 207 Ill. 2d 33, 45 (2003) (noting that "the question of whether a duty exists in a particular case is one of law to be determined by the court").

Having determined that the facts presented here allow for the application of the distraction exception—thus resolving the foreseeability and likelihood of injury prongs of the duty analysis—this court must still consider the burden of guarding against the injury and the consequences of placing the burden on the defendant. *See Sollami*, 201 Ill. 2d at 17-18. As Savage points out, Ritchie could guard against injuries like those he sustained by either

9

placing a sign warning invitees of the cribbing or by reconsidering the layout of its equipment displays. The burden and consequences of implementing those precautions is not so high as to tip the duty analysis squarely in Ritchie's favor. *See Ward*, 136 Ill. 2d at 156 (suggesting a warning sign may have removed the unreasonable danger of the pole). Based on its analysis of the relevant factors, this court concludes that Ritchie owed Savage a duty. Whether Ritchie breached that duty by failing to exercise a reasonable degree of care is a question of fact that must be left to the jury. *See Rexroad*, 207 Ill. 2d at 45. Accordingly, this court concludes that Ritchie is not entitled to summary judgment on Savage's negligence claim as a matter of law.

## Conclusion

For the foregoing reasons, Richie's motion for summary judgment is denied.

**ENTER:**

_____
Young B. Kim
U.S. Magistrate Judge

10